LA7HLAN1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            18 Cr. 601 (PGG)

JEAN-C LAUDE OKONGO LANDJI and
JIBRIL ADAMU,

                Defendants.

------------------------------x
                                          New York, N.Y.
                                          October 7, 2021
                                          12:45 p.m.
Before:

                    HON. PAUL G. GARDEPHE,

                                          District Judge
                                          and a Jury

                         APPEARANCES

AUDREY STRAUSS
     United States Attorney for the
     Southern District of New York
MATTHEW HELLMAN
ELINOR L. TARLOW
     Assistant United States Attorneys

SHER TREMONTE LLP
     Attorneys for Defendant Landji
MICHAEL TREMONTE
NOAM BIALE

THOMAS F.X. DUNN
JACQUELINE E. CISTARO
     Attorneys for Defendant Adamu


Also Present:

Emmanuel Orji, Interpreter (French)
Eric Heuberger, Interpreter (French)
```

| | |
|---|---|
| 1 | (In open court; jury present) |
| 2 | THE COURT:  All right.  I would ask those who were |
| 3 | selected for the jury to please stand and raise your right |
| 4 | hands.  We will now administer the oath to the jury. |
| 5 | Mr. Ruocco. |
| 6 | (A jury of twelve and three alternates was impaneled |
| 7 | and sworn) |
| 8 | THE COURT:  Ladies and gentlemen, you are now our |
| 9 | jury.  There is no higher function in our legal system.  From |
| 10 | now on, whenever you enter or leave the courtroom as a jury, |
| 11 | Mr. Ruocco will instruct the parties and the audience to rise, |
| 12 | the same as he does for me, because you are every bit as |
| 13 | powerful and important as any judge. |
| 14 | I want to reintroduce you to some of the people who |
| 15 | are here in the courtroom.  I am the judge, and as I told you, |
| 16 | my name is Paul Gardephe.  I want you to know that the trial |
| 17 | will be proceeding upstairs in Courtroom 26B.  You'll be in a |
| 18 | jury room when you're not in 26B hearing testimony.  The jury |
| 19 | room is on the 11th floor.  The jury staff will give you more |
| 20 | details about that in just a minute. |
| 21 | You've already met Mr. Landji and his attorneys, |
| 22 | Mr. Tremonte and Mr. Biale, and you've met Mr. Adamu and his |
| 23 | attorneys, Mr. Dunn and Ms. Cistaro.  And of course, for the |
| 24 | government I have introduced you to Mr. Hellman and Ms. Tarlow, |
| 25 | the Assistant United States Attorneys who will be presenting |

1  the case, as well as Agent Maher of the DEA and paralegal
2  Minikel who will be assisting Mr. Hellman and Ms. Tarlow in
3  presenting the government's case.
4  　　　　　Seated to my left is Mr. Michael Ruocco.  He's my
5  deputy.  He's the person to speak with during the trial if you
6  have questions or any difficulties.
7  　　　　　What we're going to do now is I'm going to give you
8  certain preliminary instructions that will take about ten
9  minutes.  After that, Mr. Ruocco and jury department personnel
10  will take you to the judge room where you will report each
11  morning for trial.  Mr. Ruocco will ask you to give him a
12  telephone number where you can be reached if there is an
13  emergency.
14  　　　　　I think I've already told you, but let me repeat that
15  our trial days will begin at 9:30 a.m., and they will end at
16  2:30 p.m.  We'll not be taking a formal lunch break, but there
17  will be two breaks during the day.  We'll take a break around
18  11:15, or so, for 15 or 20 minutes and another break around
19  1 o'clock, or so, again for 15 or 20 minutes.  You might want
20  to bring a snack for the breaks.  If anyone needs a recess at
21  any other time, just raise your hand, let me know, and we'll
22  take a break.
23  　　　　　I would ask you to be on time after breaks, as well as
24  in the morning, because if one of you is late, you will keep
25  everyone else waiting.  So it is important to be on time.

1    I'll now begin with my preliminary instructions.  As I
2 said, that will take about ten minutes.
3    Members of the jury, in the American system of
4 justice, the judge and the jury have separate roles, and I've
5 explained some of this to you already.  I'll go into more
6 detail now.
7    The job of the judge is to instruct the jury as to the
8 law that governs, or controls, the case.  I'll give you some
9 instructions now, and I'll give you others from time to time
10 during the trial.  At the end of the trial, I will give you
11 detailed instructions about the law you will need to apply when
12 you deliberate.
13    Your job as jurors, as I have said, is to determine
14 the facts based on the evidence presented at the trial.  That
15 is to say, it's your role to decide what actually happened
16 here.  The jury is the only trier of fact, and the jury's
17 decisions about the factual issues will determine the outcome
18 of the trial.
19    You must not take anything I may say or do during the
20 trial as indication of what your verdict should be.  Please
21 don't be influenced by any notes I might take during the
22 testimony.  What I write down may have nothing to do with the
23 matters that you'll be asked to address at the conclusion of
24 the trial.  It's critically important that you each pay close
25 attention to the evidence presented.  Evidence consists only of

the testimony of witnesses, of documents, and other things that are received in evidence. And you'll hear me say "received," and when I say "received," that means the item has been received in evidence and is something you can consider as evidence.

Sometimes the lawyers reach stipulations or agreements as to facts, and when they do that, their agreement as to facts, that constitutes evidence also. But much of what you will hear during the trial is not evidence, and it's important that you not consider it as evidence. For example, statements and arguments by lawyers are not evidence. They're simply arguments in which the lawyers will tell you what they think the evidence will be and how they think you should analyze the evidence. You should give the lawyers' arguments only as much weight as is consistent with your own common sense, and you should under no circumstances consider a lawyer's statements and arguments as evidence.

Any statement I may make to you is not evidence. Questions by lawyers are not evidence. Only the answers given by the witness are evidence. The questions that the lawyers ask are only important insofar as they place witnesses' answers in context. For example, if a witness was asked: It was raining on June 2, wasn't it? And the witness answers, No, then based on that question and answer, there's no evidence in the case that it was raining on June 2.

From time to time you'll hear objections made by lawyers. Objections to questions are also not evidence. Lawyers have an obligation to make an objection when they believe that evidence is being offered that's improper under the Rules of Evidence. You should not be influenced by the objection. If I sustain the objection, you'll hear me say "sustained," and you should ignore the question and any answer that may have been given. If I overrule the objection, you'll hear me say "overruled," and you should treat the answer just like any other.

Any testimony that I exclude or strike or tell you to disregard is not evidence, and you must not consider it. If I instruct you that certain evidence has only been received for a limited purpose, you must follow that instruction. Anything you may have seen or heard about the case outside the courtroom or may hear in the future is not evidence, and you must disregard it. As I have said many times, you must decide the case based solely on the evidence presented in the courtroom.

In deciding the facts of the case, that is to say, what happened, you will have to make decisions about the credibility of the witnesses, that is, how truthful and believable they are. How do you decide what to believe and what not to believe? You're going to listen carefully to the witnesses, watch them and observe them, and then decide, as you would decide such questions in your ordinary lives. Did the

witness appear to know what the witness was talking about?  Was the witness candid, honest, open, and truthful, or did the witness appear to be falsifying, exaggerating, or distorting what happened?  Is there any reason to think the witness might be lying or just plain mistaken about what they're telling you?  Sometimes it's not so much what a witness says, but how he or she says it that may give you a clue as to whether or not you can accept that witness' version of an incident or an event as credible or believable.

In short, the way a witness testifies may play an important part in your reaching a judgment as to whether or not you can accept the witness' testimony as reliable.  You need to use your common sense and life experience in evaluating each witness' testimony.

As the trial proceeds, you may develop impressions of a witness or a particular issue.  You must not allow these impressions to become fixed or hardened.  In other words, you shouldn't make up your mind right away.  If you do, you will prevent yourself from fairly considering the testimony of other witnesses or your consideration of other evidence that may be presented after the witnesses or witnesses that you have heard.  This would be unfair to one side or the other.  A case can only be presented step by step, witness by witness.  We know from experience that frequently one person's initial description of an event might sound impressive and even compelling, but when

1    we hear another person's version of the same event, or even the
2    same witness cross-examined about the event, what seemed to be
3    very compelling and impressive may fall apart or become less
4    convincing.  So please remember that there may be another side
5    to every witness' story.
6              You will use your common sense and good judgment to
7    evaluate each witness' testimony based on all the
8    circumstances.
9              You must keep an open mind until the trial is over.
10   You should not reach any conclusion until you have all the
11   evidence before you.
12             Some of you may wish to take notes during the trial,
13   and you're welcome to do so.  If you do take notes, be sure
14   that your note-taking does not interfere with your listening to
15   and considering all the evidence.  Also, if you do take notes,
16   don't discuss your notes with anyone before or during your
17   deliberations.  Your notes are to be used solely to assist you
18   and are not to substitute for your recollection of the evidence
19   in the case.  The fact that a particular juror has taken notes
20   does not entitle that juror's views to any greater weight than
21   the views of any other juror, and your notes are not to be
22   shown to any other juror during your deliberations.
23             If during your deliberations you have any doubt as to
24   any of the testimony, you will be permitted to request that the
25   relevant portion of the trial transcript be sent back to you in

1  the jury room.

2  There are three basic rules about a criminal case that
3  you must keep in mind:

4  First, a defendant is presumed innocent.  The charge
5  alleged against the defendant in the indictment is only an
6  accusation, and it's proof of nothing.  The defendants start
7  out with a clean slate.

8  Second, the burden of proof is on the government at
9  all times.  A defendant has no burden to prove his innocence or
10  to present any evidence or to testify.  Since a defendant has
11  the right to remain silent, the law prohibits you from arriving
12  at your verdict by considering that the defendant may not have
13  testified.

14  Third, the government must prove a defendant's guilt
15  beyond a reasonable doubt.  I will give you further instruction
16  on this point later, but as I've told you before, bear in mind
17  that this standard is higher than that which applied at the
18  grand jury.  It's also a higher standard for those of you who
19  may have sat in civil cases where the burden of proof is a
20  preponderance of the evidence.  The standard of proof here is
21  beyond a reasonable doubt, which is a higher standard than a
22  preponderance of the evidence.

23  In order to ensure that you decide the case based
24  solely on the evidence and that you not be influenced in any
25  way by anything that might occur outside the courtroom, I must

1    give you the following instructions:

2         First, don't discuss the case among yourselves or with
3    anyone else, including members of your family or your friends
4    until the case is over.  You may tell your family that you're a
5    juror in a case, but don't tell them anything else until after
6    you've been discharged by me.

7         Also, you may discuss the case among yourselves only
8    after all the evidence is in and the case has been given to you
9    to discuss, to deliberate, and to decide in the jury room.
10   This rule is important because experience has shown that when
11   you express an opinion about a witness or about some other
12   issue in the case, you begin to identify more strongly with
13   that opinion.  And since it's vitally important that you keep
14   an open mind until you've heard all the evidence, you should
15   not discuss the case with anyone, including your fellow jurors,
16   or communicate about the case in any fashion until the case is
17   given to you at the end of the trial for you to reach a
18   verdict.

19        I want to emphasize that you can't read anything in
20   the newspapers, over the Internet, or anyplace else about the
21   case.  You can't listen to or watch any reporting about the
22   case, if it should be broadcast on TV or over the radio.  And
23   you can't do any research about the case.  Again, your decision
24   has to be based solely on the evidence received in the
25   courtroom and on nothing else.

            Don't let anyone speak to you about the case.  If
you're approached by someone to speak about it, tell them that
the judge has directed you not to do so.  If anyone seeks to
contact you or does contact you about the case, you must
immediately report that to me.

            Be sure that I'm informed if someone you know happens
to come into the courtroom.  The courtroom will be in a public
location, of course.  It's a public trial, so that could
happen.  But it's important that you don't hear from someone
else in the courtroom's audience what may have happened in the
courtroom while the jury was not present.  So if a friend or
relative or acquaintance has to come into the courtroom, please
send a note to me through Mr. Ruocco at your first opportunity.

            The attorneys, the parties, and the witnesses are not
supposed to talk to the jury outside the courtroom, even to say
a friendly hello.  So if you happen to see any of the lawyers,
the witnesses, or the parties outside the courtroom, they will
not and should not speak to you.  Please don't take any
offense.  They'll only be acting properly by not speaking with
you.

            The parties are entitled to have you render a verdict
in this case on the basis of your independent evaluation of the
evidence presented in the courtroom.  Obviously, speaking to
others about the case or exposing yourself to information
outside the courtroom would compromise your jury service and

1    the duty of fairness you owe to both sides.

2             Finally, let me say a few words about trial procedure.
3    The trial has essentially three stages:

4             First, the lawyers have the opportunity to make
5    opening statements to you.  As I've said, these statements,
6    these opening statements, are not evidence.  The purpose of
7    opening statements is for the lawyers to give you a preview or
8    a roadmap of what they think the evidence will be.  Actual
9    evidence, however, only comes from the witnesses and the
10   exhibits.

11            After the opening statements, you will hear testimony
12   from witnesses.  Because the government has the burden of
13   proof, the government will call its witnesses first.  Each
14   witness will first give direct testimony, and then he or she
15   may be cross-examined by the defendants' lawyers.  Sometimes
16   there's redirect testimony and recross-examination.  Also,
17   exhibits and stipulations or agreements as to facts may be
18   received in evidence.

19            After the government's case, the defendants may, but
20   they're not required to, present witnesses and other evidence.
21   If the defense calls witnesses, those witnesses will be
22   examined and cross-examined, just as the government's witnesses
23   were.  If the defendants present evidence, it's possible the
24   government may then present some rebuttal to that evidence.  Of
25   course, the defendants never have to testify or present any

1   evidence at all, and the burden of proof at all times remains
2   with the government.
3        After all the evidence has been received, the
4   government and the defendants will have an opportunity to make
5   closing arguments to you.  The lawyers will review the evidence
6   with you and make arguments as to what conclusions they think
7   you should or should not draw from the evidence.  These
8   arguments also are not themselves evidence, but they may be
9   helpful to you in reviewing the evidence during your
10  deliberations.
11       After these closing arguments, or summations as they
12  are called, I will give you detailed instructions as to the law
13  that applies and controls in this case, and you must follow my
14  instructions.  Then you will go into the jury room to
15  deliberate and discuss the evidence in order to decide the
16  facts and render your verdict.
17       From time to time during the trial, it may be
18  necessary for me to talk with the lawyers out of the hearing of
19  the jury, either by having a conference at the bench when the
20  jury is present in the courtroom or by calling a recess.  The
21  lawyers and I will do this as little as possible.  Please
22  understand that while you are waiting, we are working.  The
23  purpose of any conference outside your hearing is not to keep
24  relevant information from you, but, rather, for me to decide
25  procedural issues or how proposed evidence should be treated

1  under the Rules of Evidence.

2  That concludes my preliminary instructions to you.
3  Let me tell you what the schedule is going to be going forward.
4  I am going to send you home now.  It's approximately five past
5  2:00.  Before you leave the courthouse, the jury staff and
6  Mr. Ruocco will show you to the jury room, which is on the 11th
7  floor.  The jury room is where you will report each morning,
8  and then they'll bring you from the jury room, which is Room
9  11B on the 11th floor; they'll take you from there to our
10  courtroom, which is, as I said, Courtroom 26B.

11  As I told you at the outset, Courtroom 26B has been
12  specially outfitted so that it's safe for us all to be there
13  during the pandemic.  So when you come into the courtroom,
14  you'll see that the seats in which the jury sits are quite
15  spread out.  In fact, they're spread from the front of the
16  courtroom all the way to the back.  You'll notice that the
17  witness stand is enclosed in Plexiglas and that there's a HEPA
18  filter going on in there.  And you'll notice that the lawyers
19  are going to be speaking from a Plexiglas-enclosed podium.  So
20  it doesn't look like the courtroom that we would have used
21  prior to the pandemic.  It's been specially designed so that
22  all of us will be safe.

23  For our part, the lawyers and I, there's a hearing
24  that I'm going to be conducting this afternoon in this case
25  which may extend into tomorrow.  So the jury will not be

1    sitting tomorrow.  Also, Monday is a federal holiday, and the
2    courthouse is closed.  It's Columbus Day.  So we will not be
3    able to sit on Monday.  So I'm going to ask you to report to
4    the jury room on the 11th floor on Tuesday, October 12, at
5    9:30.  At that time we will begin with the opening statements,
6    and then we will begin to receive witness testimony.
7             Between then and now, please keep in mind that as a
8    juror in the case, you can't speak with anyone about the case.
9    Again, please don't expose yourself to any information about
10   the case outside the courtroom.
11            I wish you a pleasant evening, a pleasant weekend, and
12   I'll see you Tuesday, October 12, at 9:30.  The jury staff will
13   direct you now to the jury room on the 11th floor.
14            Thank you all so much.
15            (Jury excused)
16            THE COURT:  Please be seated.
17            All right.  The time now -- I guess I said it was
18   2:05.  I couldn't read the clock clearly.  I guess it's about
19   1:10 now.  So we're going to take a recess until 2:10, and then
20   we'll proceed with a hearing at 2:10 in Courtroom 705.
21            MR. TREMONTE:  May I be heard briefly?
22            THE COURT:  Yes.
23            MR. TREMONTE:  There's no amplification.  I hope the
24   Court can hear.
25            THE COURT:  I hear you.

1           MR. TREMONTE:  Your Honor, we have an application
2    bases based on the fact that, as I understand it, the primary
3    objective of the continuation of the hearing is to afford the
4    defense an opportunity to confront the government's proof on
5    the question of taint.  The government had the benefit of last
6    night to prepare for the hearing, and for whatever reason, we
7    didn't receive 3500 material or any notice as to who the
8    witness would be, witnesses would be, until 2 o'clock in the
9    morning.  So we have not effectively had an opportunity to
10   prepare to confront the government's proof, and for that reason
11   would request that we adjourn the commencement of the hearing
12   until tomorrow morning.
13           THE COURT:  Does the government wish to be heard?
14           MS. TARLOW:  Yes, your Honor.  We would oppose that
15   request.  We did produce 3500 late last night, early this
16   morning, in part because we were in court all day and needed to
17   request the 3500 material from the witnesses.  We also would
18   note that the 3500 material is not that voluminous.  It is 26
19   documents, amounting to approximately 120 pages, but mainly
20   consists of email communications.  Therefore, each page is not
21   necessarily that significant in text or volume.
22           THE COURT:  Well, let me ask the parties to give me an
23   estimate of how long they think this hearing is going to take.
24           MS. TARLOW:  Your Honor, the government expects to
25   call the same witnesses that it called at the last *Kastigar*

1  hearing, so six witnesses.  Each direct examination will be
2  relatively short.  I would say ten to 15 minutes.  The only
3  thing I would note for your Honor is if your Honor is
4  considering defense counsel's request, is that two of the
5  witnesses are currently abroad.  One is in Kenya.  One is on
6  vacation in Italy.  They have very limited service.
7             So we have been trying to coordinate with them today
8  in order to ensure that they would be available.  I have not
9  conferred with them to determine if they will have that same
10 availability, in particular the ability to use
11 videoconferencing, which I know is defense counsel's
12 preference.  So we would need to ensure that they even would be
13 available tomorrow.  We also have the concern that, to the
14 extent your Honor wanted to hear from additional witnesses or
15 have additional evidence, if the proceedings started tomorrow,
16 the government might not have the opportunity to do that for
17 your Honor before trial started on Tuesday.
18             MR. TREMONTE:  Your Honor, we don't anticipate that
19 the hearing will take any longer, given the government's
20 characterization of what it expects to present on direct.  Much
21 of the examination and some of the cross-examination at the
22 prior two days' worth of hearing was occupied with
23 preliminaries.  That's as to the logistics.  So I have some
24 confidence, your Honor, that we can complete it in a day.
25             But I would emphasize the key point here is that we

1  need to have a meaningful opportunity to confront the
2  government's witnesses, and we simply have not had the benefit
3  of the time that the government has enjoyed because, for
4  reasons that I don't understand, we didn't get anything until
5  2:00 in the morning, despite the fact that they have other
6  Assistant U.S. Attorneys who are staffed on this case, or at
7  least were at some point, and could have focused on it.  So I
8  think, as a matter of fairness, we should have the benefit of
9  another evening.
10             THE COURT:  Well, I think part of this turns on
11 whether the witnesses are going to be available on Friday.  So
12 I think, before we make any decisions about what's going to
13 happen, I need to know whether the government's witnesses are
14 going to be available on Friday, because they're available
15 today.
16             MS. TARLOW:  Understood, your Honor.  I can make those
17 calls as soon as we recess.
18             THE COURT:  Why don't you do that.  Do you think you
19 can reach them quickly?
20             MS. TARLOW:  I will try to, your Honor.
21             THE COURT:  All right.  So we'll briefly recess so
22 that the government can contact the agents, and then let us
23 know whether they're going to be available on Friday.
24             MR. TREMONTE:  Thank you, your Honor.
25             (Recess)

1      MS. TARLOW:  Your Honor, I've spoken to the witnesses,
2   so we are ready to proceed whenever your Honor is.
3      THE COURT:  All right.  Do we have the court reporter?
4      THE REPORTER:  Yes.
5      THE COURT:  Yes.  What do you have to report?
6      MS. TARLOW:  Yes, your Honor.  So I spoke with the
7   witnesses in Kenya and Italy, and they both are available
8   tomorrow.  They have the same limitations on service, but they
9   will endeavor to try and find areas where they can be
10  available.  We would just note again for your Honor that we are
11  calling six witnesses tomorrow, or today or whenever the
12  hearing will take place, and so express concern that this may
13  be more than a day.
14      THE COURT:  You're in the best position to know
15  whether this is going to take more than a day or not.  We've
16  been down this road before.  I spent a day and a half to two
17  days on this already.  So we really need a precise estimate
18  from you, as precise as it can be, how long this is going to
19  take, because it's already delayed the trial, and I am
20  concerned about further disruption to the schedule.
21      MR. TREMONTE:  Understood, your Honor.  Again, the
22  government has indicated that each of the six directs will be
23  approximately 15 minutes.  So even if the cross is three to
24  four times the length of the direct in every instance, we
25  should be able to complete three in the morning and three in

LA7HLAN1

the afternoon comfortably.  So, again, I would ask the Court to consider adjourning the commencement until tomorrow morning, and we, of course, can be here early.

       THE COURT:  All right.  I'll grant the application.  We'll begin the hearing at 9:00 tomorrow, and I hope we can complete it.

       Do the lawyers wish to say anything else before we adjourn for the day?

       MS. TARLOW:  Not from the government, your Honor.

       MR. TREMONTE:  Nothing for Mr. Landji, your Honor.

       MR. DUNN:  Nothing on behalf of Mr. Adamu, your Honor.

       THE COURT:  All right.  So we're adjourned until 9 a.m. tomorrow.  Thank you.

       MS. TARLOW:  Thank you, your Honor.

       (Adjourned to October 8, 2021, at 9:00 a.m.)