LAW OFFICES
# DAVID WIKSTROM
250 WEST 55TH STREET, 17TH FLOOR
NEW YORK, NY 10019

E-MAIL: DAVID@DAVIDWIKSTROM.COM
WWW.DAVIDWIKSTROM.COM

TELEPHONE: (212) 248-5511
FACSIMILE: (212) 248-2866

**MEMO ENDORSED**

May 26, 2023

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 10007

Re: United States v. Jibril Adamu, et al.
    18 CR 601 (PGG)

Dear Judge Gardephe:

> The application is denied. In imposing the statutory minimum mandatory sentence of ten years' imprisonment, this Court granted Defendant Adamu a very significant variance from the Guidelines range of 292 to 365 months' imprisonment. As the Court explained at sentencing, one reason for the variance was the time Adamu had spent in custody in Croatia. Having granted Adamu a variance based in part on this factor, this Court will not further credit Adamu for the time he spent in Croatian custody.
>
> SO ORDERED:
> /s/ Paul G. Gardephe
> Paul G. Gardephe, U.S.D.J.
> May 31, 2023

On behalf of Mr. Adamu I respectfully renew my request that the Court amend the Judgment to recommend that he receive credit for a portion of the time he spent in custody in Croatia on the instant charges, specifically the time commencing with the Government's commencement of its extradition proceeding against him on 01/14/2019.¹ The Court declined to make this recommendation at the time of sentence, indicating its belief that the time Mr. Adamu spent in custody prior to his arrival in the United States on 10/17/2019 was on Croatian charges. Those Croatian charges were ultimately dismissed.

Respectfully, I believe the Court erred in declining to make the requested recommendation. The time Mr. Adamu spent in custody between 1/14/2019 and 10/17/2019 was time "spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed…that has not been credited against another sentence" as defined by 18 U.S.C. §3585(b). Receipt of the credit under these circumstances is mandatory, not discretionary ("A defendant **shall** be given credit for time spent….").

The determination of whether a defendant receives credit against his sentence for time served is left to the Bureau of Prisons. The Supreme Court holds that "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). Rather, credit "is granted by the Attorney General through the Bureau of Prisons after a defendant

---

¹ To the extent the Court has concerns that this renewed request is being made after the conclusion of the sentencing hearing, we respectfully note that the Court can make such "non-binding recommendations to the Bureau of Prisons at any time." *United States v. Ceballos*, 671 F.2d 852, 856 n.2 (9th Cir. 2011); see e.g., *United States v. Pealy*, 21 Cr. 469 (PKC) (S.D.N.Y. Apr. 29, 2022), Dkt. 31 (amending judgment to recommend that defendant be designated to a specific BOP facility); *United States v. St. Vallier*, 07 Cr. 613 (SDW), 2021 WL 689118, at *6 (D.N.J. Feb. 23, 2021); *United States v. Paul*, 01 Cr. 636 (LDW) (E.D.N.Y. Oct. 23, 2009), Dkt. 251.

is sentenced," though the defendant may, after exhausting his administrative remedies, obtain judicial review of the Bureau's determination. *United States v. Galicia-Delgado*, 130 F.3d 518, 522 (2d Cir. 1997). (*See also, United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998)("A district court cannot itself apply section 3585(b) when sentencing, because computing 'the credit must occur after the defendant begins his sentence.;" *United States v. Wilson*, 503 U.S. 329, 333 (1992); *Werber v. United States*, 149 F.3d 172, 179 (2d Cir.1998) ("After a defendant is sentenced, it falls to the BOP, not the district judge, to determine ... whether the defendant should receive credit for time spent in custody before the sentence commenced.")(citations and internal quotation marks and punctuation omitted).

Mr. Adamu's PSR references Mr. Adamu's arrest in Croatia on these charges on October 30, 2018 in the text of the PSR (*see* ¶ 35), but indicates in the introductory and pedigree section only that Mr. Adamu was "extradited to the United Stated [*sic*] on 10/17/19, arrested and remanded into federal custody on the same date." As such it may not be obvious to the Bureau of Prisons—as it is to the Court and parties here—that Mr. Adamu was in custody in Croatia on the extradition request as of 01/14/19[2], that he therefore served nine months and three days in prison for these charges prior to his U.S. arrival, and that those nine months and three days were not credited against any other sentence.

Mr. Adamu therefore respectfully requests that the Court amend the Judgment to recommend that he receive credit, by indicating in the Imprisonment section of the Judgment as follows:

> **It is recommended that the defendant receive credit for the time served in Croatia while awaiting extradition, i.e., the period between January 14, 2019 and October 17, 2019, as that period constitutes time spent in official detention as a result of the offense for which the sentence was imposed that has not been credited against another sentence. The Court requests that it be notified if this recommendation is not followed by the Bureau of Prisons.**

Yesterday I asked the Government for its consent to this application, but have not yet heard yet back from them on their position.

I thank the Court for its consideration and attention.

Sincerely,

David Wikstrom

---

[2] A copy of the extradition request is attached.